JOHN L. BRANCH, *Plainiff in Error*, v. THE STATE OF FLOR-IDA, *Defendant in Error*.

## Opinion Filed December 19, 1918.

## Petition for Rehearing denied January 18, 1919.

1. The question of whether a Bill of Particulars shall be furnished to a defendant upon request by him, or in his behalf, rests largely in the discretion of the Trial Court.

2. The propriety of a motion to strike any item from a Bill of Particulars questioned.

3. Where there is no misjoinder of offenses in an information, whether the prosecutor will be required to elect upon which of several counts contained therein he will try the accused is within the sound discretion of the Trial Court.

4. Under the law (Sections 28, 33 and 40, Chapter 5596, Acts of 1907, Laws of Florida), Tax Collectors of the Counties of this State are required to make remittances of State taxes colletced by them to the State Treasurer and the original official receipts of the State Treasurer for amounts so received by him filed with the State Comptroller, so that credit therefor may be given to the Tax Collector making such remittances and a correct account kept by the State

Comptroller with him, are admissable in evidence in a prosecution of such Tax Collector upon a charge of embezzlement of such taxes by such Tax Collector when such original receipts are produced by the State Comptroller and identified by him as such.

5. Under the law (Section 40, Chapter 5596, Acts of 1907, Laws of Florida) Tax Collectors of the Counties of this State are required to make monthly reports or "returns," under oath, of State and County taxes collected by them and such original reports or "returns" so made are admissible in evidence in a prosecution of the Tax Collector making them upon a charge of embezzlement of such taxes by such Tax Collector when such reports or returns are produced by the State Comptroller and identified by him as such.

6. Copies certified by the State Comptroller under his official seal to be true and correct, of the books of account kept in the office of the State Comptroller with the Tax Collectors of the Counties of this State showing the amount of State and County taxes chargeable to such Tax Collectors as such, and the amounts collected and remitted from time to time by them, are admissible in evidence in a prosecution of the Tax Collector with whom such account is kept upon a charge of embezzlement of such taxes by such Tax Collector.

7. Official registers or books kept by persons in public office in which they are required, whether by Statute or by the nature of the office, to write down particularly transactions occurring in the course of their public duties and under their personal observation, are generally admissible in evidence, notwithstanding their authenticity is not confirmed by the ordinary test of truth, the obligation of an oath, and an opportunity to cross-examine the person on whose authority the truth of the document depends.

8. It is not necessary to the admissibility in evidence of an official register of this kind that a Statute should ex-

pressly require it to be kept, or that the nature of the office should render it indispensable.

9. Where an official register is admissible in evidence, certified copies of entries therein are also admissible on account of the inconvenience of removing the originals.

Writ of error to Criminal Court of Record for Hillsborough County; W. S. Graham, Judge.

Judgment affirmed.

*Thomas Palmer* and *Dickenson & Dickenson,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

WEST, J.—Plaintiff in error, who will hereafter for convenience be referred to as the defendant, was informed againt in the Criminal Court of Record for the County of Hillsborough upon a charge of embezzlement. The information contains six counts, all in the same form, the first of which, omitting formal parts, is as follows:

"Be it remembered, that Wm. H. Jackson, Solicitor for the County of Hillsborough, prosecuting for the State of Florida, being present in said court on the 24th day of April, in the year of our Lord one thousand nine hundred and seventeen, gives the court to be informed and understand that John L. Branch, late of the County of Hillsborough aforesaid, in the State aforesaid, on the 23rd day of March, in the year of our Lord one thousand nine hundred and fifteen, with force and arms at and in the County of Hillsborough aforesaid, being then and there an officer of the County of Hillsborough, a county of the State of Florida, under the laws of the State

of Florida, to-wit: tax collector for the County of Hillsborough, aforesaid, and while such officer, to-wit: tax collector for the County of Hillsborough, aforesaid, did receive and take into his possession certain moneys, the property of the County of Hillsborough, a county of the State of Florida, under the laws of the State of Florida, to-wit: Eight Hundred Twenty-eight Dollars and Eight cents, for and in the name and on account of the County of Hillsborough aforesaid; and said money so as aforesaid coming into his possession by virtue of his said office as tax collector for the County of Hillsborough aforesaid, he, the said John L. Branch, did then and there, to-wit: on the 23rd day of March, in the year of our Lord one thousand nine hundred and fifteen, in the County and State aforesaid, feloniously embezzle and feloniously and fraudulently convert unto his own use, to-wit: Eight Hundred Twenty-eight Dollars and Eight Cents in money current in the United States of America, of the value of Eight Hundred Twenty-eight Dollars and Eight cents in money current in the United States of America, a more particular description of which is to the Solicitor unknown, against the forms of the statute in such cases made and provided and to the evil example of all others in like case offending, and against the peace and dignity of the State of Florida."

The second count charges the embezzlement by the defendant on the same date, namely, the 23rd day of March, 1915, of the sum of $207.03, the property of the State of Florida; the third charges the embezzlement by him on the 12th day of June, 1915, of the sum of $971.52, the property of Hillsborough county; the fourth charges the embezzlement by him on the 12th day of June, 1915, of the sum of $242.92, the property of the State of Florida; the fifth charges the embezzlement by him on the 13th day of

August, 1915, of the sum of $9,888.34, the property of Hillsborough county, and the sixth charges the embezzle ment by him on the 13th day of August, 1915, of the sum of $2,472.18, the property of the State of Florida.

The statute upon which the prosecution was based is Section 3317, General Statutes of 1906.   The pertinent portions of this statute read as follows:

"Any State, county or municipal officer who shall:

"1.   Convert to his own use, or who shall

"2.   Secrete with the intent to convert to his own use, or who shall

"3.   Withhold with the intent to convert to his own use,

"(a)   Any money, property or effects belonging to or in the possession of the State, county, city or town whose duty requires him to receive said public money, property or effects; or

"(b)   Any money, property or effects of another, the duty of which officer requires him to receive said money, property or effects, shall in every such act be deemed guilty of an embezzlement of the money, property or effects so converted, secreted or withheld, and shall be punished by imprisonment in the State prison not exceeding twenty years, and by a fine equal to the value of the money, property or effects so converted, secreted or withheld.   *   *   *"

Upon a trial of the case there was a general verdict of guilty as charged, whereupon the defendant was sentenced to serve a term of five years at hard labor in the State prison.   To review this judgment defendant took writ of error from this court.

There were a multitude of questions raised in the progress of the trial.   We shall consider such of these as are

presented, and argued in the brief of counsel for defendant.

Before entering upon the trial of the cause defendant's counsel moved the court to require the County Solicitor to file a bill of particulars as to each and every amount charged in said information to have been embezzled by the defendant. This motion was granted and conformable thereto a bill of particulars was furnished to the defendant. Thereupon defendant's counsel moved the court to strike from the bill of particulars so filed each and every item contained therein save and except certain enumerated items, and, further, that the County Solicitor be required to furnish to the defendant an itemized bill of particulars, showing the items going to make up the several amounts with the embezzlement of which the defendant was charged and upon which the State relied for a conviction.

The defendant was alleged in the information to be the "tax collector for the County of Hillsborough," and it was charged that the moneys alleged to have been embezzled by him came "into his possession by virtue of his said office as tax collector for the County of Hillsborough." The bill of particulars furnished purported to be a summary of all the taxes collected and paid over by the defendant as tax collector, appearing upon the tax rolls of the county for the year 1914. It was from the taxes collected during the year 1915, for the year 1914, that the several amounts were alleged to have been embezzled.

The items sought by the motion to be stricken from the bill of particulars furnished were all the items appearing thereon save those bearing the several dates upon which the several embezzlements were alleged in the information to have been committed.

It is urged by counsel for the defendant that the bill of particulars furnished by the County Solicitor should have contained and exhibited to the defendant the items going to make up the several amounts stated in the several counts of the information, with the dates received and the person paying same to the defendant. This position is untenable. The contrary was expressly held by this court in the case of Middleton v. State, 74 Fla. 234, 76 South. Rep. 785. In that case a County Judge was indicted upon a charge of embezzling and converting to his own use certain moneys which came into his possession as County Judge under the provisions of a statute of this State. In considering whether a motion to strike an item from the bill of particulars, furnished to the defendant in that case relating to moneys received by him from persons unknown to the State Attorney, should have been granted, the court said: "The persons from whom the money was received for the licenses were not named in the indictment and it was not necessary to name them in the bill of particulars." It was also said in that opinion to be very doubtful if an objection can be made to any item of a bill of particulars by a motion to strike the item where such bill is not a part of the pleading as under our practice.

Generally the question of whether a bill of particulars shall be furnished to a defendant upon request by him or in his behalf rests largely in the discretion of the trial court. Thalheim v. State, 38 Fla. 169, 20 South. Rep. 938; Brass v. State, 45 Fla. 1, 34 South. Rep. 307. In the latter case the court said: "The rights of a defendant to make this demand will depend then not upon any rigid rule of pleading, but upon the question whether the nature of the case is such that in fairness the defendant should have fuller information of the charge against him

than is given by the indictment alone. This may depend largely upon the circumstances of the particular case, and the courts, therefore, hold that it is a matter of discretion whether such bill shall in any case be required."

In this case the public records and reports of the office held by the defendant, which were kept by him or under his direction and supervision, afforded him full information with respect to the charges which he was called upon to meet, and it is hardly conceivable that he could have been misled or embarrassed in the preparation or the conduct of his defense by the failure of the State to furnish him with information from public records which the law required him to make and preserve in the performance of his official duties.

The second and third assignments question the correctness of orders of the trial court denying motions requiring the County Solicitor to elect upon which count in the information he would rely for a conviction of the defendant, and in arrest of judgment. Upon the latter assignment the only argument offered in its support in the brief of counsel is the argument presented upon the first and second assignments of error, which is made applicable, by reference, to the third assignment.

By Section 3962, General Statutes of 1906, it is provided that: "No indictment shall be quashed or judgment arrested or new trial be granted on account of any defect in the form of the indictment, or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense."

If there was no misjoinder of offenses in the information it was not error to refuse to require the State to elect upon which count it would stand for a conviction, and, furthermore, it is well settled here that whether the prosecutor will be required to elect upon which of several counts he will try the accused is within the sound discretion of the trial court. Green v. State, 17 Fla. 669; Eggart v. State, 40 Fla. 527, 25 South. Rep. 144. There was, therefore, no error in this ruling, and since no question was presented by the motion in arrest of judgment not considered in one of the preceding motions neither of the assignments now under consideration can be sustained.

The fourth assignment is not mentioned in the brief of counsel, and the fifth and sixth assignments are expressly abandoned.

The seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth and sixteenth assignments assail the several rulings of the trial court permitting the reception in evidence on behalf of the State of ten documents purporting to be receipts issued by the State Treasurer and filed in the office of the State Comptroller, showing payment of certain amounts therein stated, by the defendant, as tax collector of Hillsborough County, into the State Treasury. The amounts shown by such receipts to have been paid into the State Treasury were taxes collected for the year 1914. The documents described were produced by the State Comptroller, who testified, as a witness for the State, that they were a part of the official records of his office and were used by him in keeping an account with the defendant as tax collector of said county, which duty was imposed by law upon the witness as State Comptroller. They were identified by the witness by the signature of the State Treas-

urer, which they bore, and by the handwriting contained in them, of the Chief Clerk in the State Treasurer's office, with which the witness was familiar.

The seventeenth assignment questions a ruling of the trial court admitting in evidence what purported to be a certified copy of the record of the account kept in the office of the State Comptroller with the defendant as tax collector of Hillsborough County, as to all the moneys shown by such record to have been received by the State Treasurer from the defendant for State taxes for the year 1914. This document was under the hand and official seal of the State Comptroller.

The eighteenth assignment challenges several rulings of the trial court admitting in evidence several documents purporting to be "Returns of State Taxes" made by the defendant as tax collector of Hillsborough County to the State Comptroller for the year 1914. These documents are addressed "To the State Comptroller of the State of Florida," give the amounts of State taxes collected by the defendant for the year 1914 during the several periods covered by them, are signed by the defendant as "Tax Collector" of Hillsborough County, and sworn to by him as being "true and correct." They were produced by the State Comptroller, as a witness for the State, who testified that they were a part of the records of his office.

Under the law (Sections 28, 33 and 40, Chapter 5596, Acts of 1907, Laws of Florida), Tax Collectors are required to make remittances of State taxes collected by them to the State Treasurer. They are also required (Section 40, Chapter 5596, Acts of 1907, Laws of Florida) to make monthly reports of "Returns," under oath, of State taxes collected by them to the State Comptroller, who is required to keep an account with each of such Tax Collectors. Since remittances must be made by the Tax Collec-

tor to the State Treasurer and not to the State Comptroller, it is necessary and for the protection of the Tax Collector that the receipts therefor, or "abstracts of remittances," as they are called by witnesses,. should be furnished by the State Treasurer to the State Comptroller in order that the latter officer may give credit to the Tax Collector on the account kept with him for the amounts paid into the Treasury by him, such as are given other persons paying money into the Treasury. Section 598, General Statutes of Florida, 1906. This being true such receipts, the certified copy of the defendant's account as shown by the records of the Comptroller's office (Sections 109, 598 and 1520, General Statutes of 1906), and certainly the reports or "returns" of State taxes collected, signed and sworn to as "true and correct" by the defendant himself were all, whether originals or certified copies, properly admitted in evidence by the trial court. Huddleston v. Graham, 73 Fla. 350, 74 South. Rep. 414; Johnson v. Wakulla County, 28 Fla. 720, 9 South. Rep. 690; Bell v. Kendrick, 25 Fla. 778, 6 South. Rep. 868. In the latter case the court said: "Official registers or books kept by persons in public office in which they are required, whether by statute or by the nature of the office, to write down particular transactions occurring in the course of their public duties and under their personal observation, are generally admissible in evidence, notwithstanding their authenticity is not confirmed by the ordinary test of truth, the obligation of an oath, and an opportunity to cross-examine the person on whose authority the truth of the document depends. I Greenleaf on Evidence, Sections 483, 484. It is not necessary to the admissibility in evidence of an official register of this kind that a statute should expressly require it to be kept, or that the nature of the office should render it indis-

pensable. Ib., 496. In Coleman's Case, 25 Gratt., 865, it was held that a public record must be a written memorial intended to serve as evidence of something written, said or done, made by a public officer authorized by law to make it; and the authority for it need not be derived from express statutory enactment, but whenever a written record of the transactions of a public officer is a convenient and appropriate mode of discharging the duties of his office, it is not only his right, but his duty to keep that written memorial, whether expressly required so to do or not; and when kept, it becomes a public document, a public record, belonging to the office, and not to the officer." See also 1 Greenleaf on Evidence, Sec. 483; Jones on Evidence (2nd ed.), Sec. 508; Priddy v. Boice, 201 Mo. 309, 99 S. W. Rep. 1055; Harper v. Marion County, 33 Tex. Civ. App. 653, 77 S. W. Rep. 1044; State v. Hall, 16 S. D. 6, 91 N. W. Rep. 325, 65 L. R. A. 151; Commonwealth v. Tate, 89 Ky. 587, 13 S. W. Rep. 113; Knott v. Raleigh & G. R. Co., 98 N. C. 73, 3 S. E. Rep. 735; Evanston v. Gunn, 99 U. S. 660; White v. United States, 164 U. S. 100, 17 Sup. Ct. Rep. 38.

For the purpose of proving the charge against the defendant the County Solicitor offered in evidence copies of all the tax receipts issued by the defendant as Tax Collector of Hillsborough County for taxes paid to him for the year 1914. To show then the embezzlement and conversion by him of certain of the moneys so received it became necessary to show the amounts reported and paid over from time to time by him to the officer or officers authorized and required under the law to receive such reports and such moneys. We have seen that the several documents described were admissible in evidence. Under this view of the case their materiality becomes ap-

parent. There was, therefore, no error in admitting them.

This disposes of all the assignments argued in the brief. It follows that the judgment must be affirmed.

It is so ordered.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.