T. E. BARGESSER, *Plaintiff in Error*, v. THE STATE OF FLOR-·IDA, *Defendant in Error*.

Division A.

Opinion Filed March 1, 1928.

402

W. K. *Zewadski, Jr.,* and *Wm. C. Pierce,* of Tampa, for Plaintiff in Error.

*Fred H. Davis,* Attorney General, and *H. E. Carter,* Assistant Attorney General, for the State.

STRUM, J.—Plaintiff in error, who will hereinafter be referred to as the defendant, was convicted of the larceny of one Ford coupe, the property of A. Sillin.

On writ of error to review the judgment of conviction the sole contention of the defendant is that the evidence is insufficient to support the verdict.

To sustain the judgment of conviction the State relies upon the rule heretofore announced by this Court in McDonald v. State, 56 Fla. 74, 47 South. Rep. 485, that a verdict of guilty of larceny may be found from the unexplained

possession of goods recently stolen. The guilt of the accused does not follow as a presumption of law from the unexplained possession of property recently stolen, but the presumption of guilt in such a case is one that the jury may infer as a matter of fact, of which they are the sole judges, to to be considered in connection with all the other circumstances of each particular case. In cases where the defendant undertakes to sufficiently explain his possession of the property such explanation may appear to be reasonable and highly plausible, but if the jury does not believe it, they have the right to convict upon the evidence furnished by the possession of the stolen goods alone, even though the State does not put in any evidence to directly prove the falsity of the explanation offered by the defendant. McDonald v. State, *supra.*

In this case there was ample evidence to show that the automobile in question was recently stolen and that it was found in defendant's possession as he was endeavoring to dispose of it. The evidence of the identity of the automobile is ample. There is no direct proof of the actual taking of the automobile by this defendant. Although the defendant undertook to explain his possession of the automobile, the jury nevertheless found him guilty, thereby demonstrating that the defendants explanation was not believed by the jury and that the same was not sufficiently credible to raise in the minds of the jury a reasonable doubt of the defendants guilt. The jury are the judges of the reasonableness, probability and credibility of the explanation offered by the defendant. Leslie v. State, 35 Fla. 71, 17 South. Rep. 555. If, as is patently the case here, the jury did not believe the defendants explanation of his possession of the automobile, there is ample evidence to sustain the conviction under the rule announced in McDonald v. State, *supra,* and from the facts proven by the State, the jury

might have fairly inferred that the defendant was the perpetrator of the theft. Larceny may be proven by circumstantial evidence of such a nature and probative force that the jury could legally infer guilt therefrom beyond a reasonable doubt. Kennedy v. State, 31 Fla. 428, 12 South. Rep. 858; Kirkland v. State, 82 Fla. 118, 89 South. Rep. 356.

The established rule is that where there is evidence from which all the elements of the crime may have been lawfully found or inferred, and it does not appear that the jury was not governed by the evidence, the verdict will not ordinarily be disturbed by this Court on the ground of the insufficiency of the evidence. McDonald v. State, *supra;* Carr v. State, 84 Fla. 162, 92 South. Rep. 879; Parrish v. State, 105 South. Rep. 130.

Affirmed.

ELLIS, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion and judgment.