ERNEST CARLTON, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

145 So. 249.

En Banc.

Opinion filed January 13, 1933.

*Robert H. Givens, Jr.,* for Plaintiff in Error;

*Cary D. Landis, Attorney General,* and *Roy Campbell, Assistant,* for the State.

DAVIS, C. J.—Ernest Carlton, the plaintiff in error was informed against in the Criminal Court of Record of Hillsborough County the accusation being set forth in three separate counts.

The first count charged in substance that the defendant did unlawfully and feloniously break and enter a certain described dwelling house, the property of Harold Gooding, with intend to commit a felony, to-wit, grand larceny. The second count charged grand larceny of specifically described personal property on the same date, from the same person as that described in the first count. The third count charged the defendant with buying, receiving and concealing the same personal property, on the same day, as that described

in the second count, knowing it to have been theretofore stolen and carried away. Defendant was found guilty on the first and second counts, and sentenced on the first count to fifteen years in state prison. Sentence on the other count was deferred. Writ of error was taken to the sentence imposed.

There was no error in overruling the demurrer and motion to quash the first count, the allegations of that count being in the language of the statute (Section 7216 C. G. L., 5115 R. G. S.) and being sufficient to apprise the defendant of the accusation against him and to protect him from a second prosecution for the same offense. See Section 8369 C. G. L., 6064 R. G. S.

The second count of the information charged the defendant with having stolen certain described property, while the third count charged the defendant with having bought, received, concealed and aided in the concealment of the identical property described in the second count.

After the State had closed its case in chief, and the defendant's motion for a directed verdict had been denied, the defendant moved the Court to require the prosecution to elect between the second and third counts because of their repugnancy. The motion was denied and exception to the ruling duly taken.

In Griswold v. State, 77 Fla., 505, 82 Sou. Rep. 44, this Court said:

"If the indictment contains two counts which are inconsistent or charge inconsistent offenses, a motion to elect upon which count the defendant shall be tried is appropriate."

Being appropriate, as this Court has said, a motion to require the State to elect between two inconsistent counts should be granted, when two counts of an information are

entirely repugnant but have been permitted to stand in order to meet evidence which may possibly be adduced at the trial. To deny such motion when properly and timely 'made, will be held reversible error warranting a new trial, when it appears that the jury has found the defendant guilty on one of the two inconsistent counts.

The judgment of conviction to which the writ of error was taken is based solely on the first count which charged burglary of a dwelling house. The Court, on the trial, charged the jury in general terms as follows:

" 'The Court also charges you that it is the law that a person found in possession of recently stolen property is presumed under the law to be the thief in the absence of explanation; that is, unless directly thereafter he gives a reasonable and credible account of how he came into possession of such recently stolen property or such an account as raises a reasonable doubt in the minds of the jury.' "

Since the charge in question cannot be said to have been limited in its effect to a consideration by the jury of its applicability to the other counts of the information only, we must deal with it here as having been intended to be applied, and as having been applied by the jury, in its determination of the defendant's guilt or innocence under the first count as well as the other counts.

The possession of goods recently stolen does not raise a presumption, as *matter of law,* of the guilt *of the possessor,* but the presumption arising therefrom is purely a matter of *fact* to be passed upon by the jury, and of which they are the sole judges; but it is, nevertheless, true, that the presumption of guilt, as a question of inference of fact, is permitted by the law to be drawn by the jury from the unexplained possession of recently stolen goods. Bellamy v. State, 35 Fla. 242, 17 Sou. Rep. 560; Kilkrease v. State, 96 Fla. 264, 117 Sou. Rep. 862.

The correct rule is that where a party is found in possession of goods recently stolen and directly gives a reasonable and credible account of.how he came into such possession, or such an account as will raise a reasonable doubt in the minds of the jury, who are the sole judges of its reasonableness, probability and credibility, then it becomes the duty of the State to prove that such account is false, otherwise there should be an acquittal, but that the jury may infer as a fact the guilt of the defendant from defendant's unexplained possession of goods recently stolen. Bargesser v. State 95 Fla. 401, 116 Sou. Rep. 11; Kirkland v. State, 82 Fla. 118. 89 Sou. Rep. 356; Capello v. State, 82 Fla. 313, 90 Sou. Rep. 191; Cooper v. State, 83 Fla. 34, 90 Sou. Rep. 693, 23 A. L. R. 109; Grooms v. State, 83 Fla. 547, 92 Sou. Rep. 153; Tucker v. State, 86 Fla. 36, 96 Sou. Rep. 10.

Under the foregoing rule, the charge given by the Court was harmful error for which a new trial should have been granted under the first count as well as the other count. This is so because the charge to the jury related to the prosecution under the first count as well as under the second and third counts. Nor was it cured by the acquittal of the defendant on the third count, and the refusal of the Court to enter judgment on the second count, as might have been the case had the charge to the jury complained of, been limited in application to the second and third counts only.

There was no error in the admission of evidence relating to the property seized in the search without search warrant, of defendant's private dwelling, under the circumstances appearing in this case.

For the error found, the judgment is reversed and a new trial awarded.

Reversed for a new trial.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.