HERBERT R. MAYERS v. STATE.

171 So. 824.

Division B.

Opinion Filed May 22, 1936.

Judgment Adhered to on Rehearing February 3, 1937.

*S. E. Simmons,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, *Roy Campbell,* Assistant Attorney General, *M. A. McMullen* and *Cyril E. Pogue,* for the State.

BUFORD, J.—The writ of error brings for review a judgment of conviction of embezzlement under the first count of an indictment which indictment was in three counts.

The first count charged the embezzlement of money in the sum of $96,120.00; the second count charged the embezzlement of money in the sum of $18,473.35, and the third count charged the embezzlement of certain corporation stock certificates, of the total value of $96,120.00.

Plaintiff in error contends that there are ten questions presented for our determination. The first question challenges the action of the court in denying motion of the defendant at the close of the State's evidence to require the State to elect as to which count it would stand upon for conviction. When the motion was made to require the State to elect upon which count it would stand for conviction the disposition of the motion rested in the sound discretion of the trial court, provided the counts of the indictment were not repugnant to or inconsistent with one another. See Greene v. State, 17 Fla. 669; Eggert v. State, 40 Fla. 527, 25 So. 144; Branch v. State, 76 Fla. 558, 80 So. 482.

If, however, the counts of the indictment are such that under the evidence adduced the defendant cannot be convicted on more than one of such counts, then to deny a motion when properly and timely made to require the State to elect as to the count of the indictment upon which it will proceed with the prosecution constitutes reversible error warranting a new trial. See Griswold v. State, 77 Fla. 505, 82 So. 44; Carlton v. State, 108 Fla. 34, 145 So. 249.

When the motion to require election of the court under which the State would proceed with the prosecution was made the State had closed its case and, as the record then stood, the defendant could not have been convicted, if at all, on more than one of the three counts of the indictment. The third count, as hereinbefore stated, charges the embezzlement of certain corporate capital stock certificates of the aggregate value of $96,120.00. Count one charged the embezzlement of $96,120.00 in money, which money, if embezzled by the defendant at all, was without question or doubt the proceeds of the corporate capital stock certificates referred to in the third count. Therefore, the de-

fendant could not have been guilty of the embezzlement of the corporate capital stock certificates and also have been guilty of the embezzlement of the proceeds of those stock certificates.

It is also clearly apparent and uncontradicted that if the defendant had been convicted under the second count of the indictment charging the embezzling of $18,473.35 he could not have been convicted under the first count because it was uncontrovertibly apparent from the record that the sum of $18,473.35 was included in and constituted a part of the sum of $96,120.00 which was alleged to have been embezzled by the first count of the indictment.

The trial Judge recognized this condition and the law applicable thereto when he gave charge numbered 9, which was as follows:

"9. In the event you believe the defendant, as bailee for hire, is guilty of the embezzlement of the securities alone, and not of money, you should find him guilty under the third count, fixing the amount involved; in the event you believe the defendant, as an agent, servant or employee, is guilty of the embezzlement of money, and not of securities, you should find him guilty under the first or second counts of the indictment, or under both, specifying by your verdict the count and amount involved; in the event you believe the defendant embezzled money as charged in the first and second counts, and of securities as charged in the third count, you may so indicate by an appropriate verdict, but it is not proper or legal to convict the defendant of the embezzlement of securities and of the embezzlement of money which was the proceeds of the same securities. Should you find the defendant guilty under the first count of embezzlement of the full amount therein alleged, you should acquit him under the other two counts, or should you find

the defendant guilty of the embezzlement of the full amount of securities as alleged in the third count, you should acquit him under the other two counts. This is true because both the first and third counts include the full amount of money, in one case, and of securities in the other, that the State contends was embezzled. The second count charging embezzlement of $18,473.35 relates to a sum which is also charged in the first count, but proof of the embezzlement is confined to an earlier date. Should you find the defendant guilty under the second count, the amount which you find beyond a reasonable doubt he embezzled should not be included in the amount found in any verdict of guilty relating to either of the other two counts, should you return such verdicts of guilty."

There is one error in this charge, however, in that the court instructed the jury in the following language:

"In the event you believe the defendant, as an agent, servant or employee, is guilty of the embezzlement of money, and not of securities, you should find him guilty under the first or second counts of the indictment, or under both, specifying by your verdict the count and amount involved;"

However, later in the same charge, he said: "The second count charging embezzlement of $18,473.35 relates to a sum which is also charged in the first count, but *proof* of the embezzlement is confined to an earlier date," which might be construed to clear up the first error in the charge. But this portion of the charge contained another infirmity which could have been guarded against. The court said, "But *proof* of embezzlement is confined." Evidence tending to prove embezzlement is one thing while *proof* of the crime is another. And when the court uses the words, "But proof of the embezzlement is confined to an earlier

date," there is carried with it the illegal intimation by the court that the embezzlement has been established by proof.

Since it is apparent that the judgment must be reversed and the cause remanded for a new trial because of the error committed as hereinbefore referred to, we can see no good purpose which might be accomplished by a discussion of the other questions sought to be presented for our determination.

For the reasons stated, the judgment should be reversed and the cause remanded for new trial.

It is so ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.