LOVIC ADAMS v. STATE

189 So. 392
En Banc
Opinion Filed May 23, 1939
Rehearing Denied June 15, 1939

*Carroll M. Bourland, H. H. Wells.* and *James Messer, Jr.,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Tyrus A.*

*Norwood* and *Thomas J. Ellis,* Assistant Attorneys General, for Defendant in Error.

CHAPMAN, J.—The plaintiff in error, Lovic Adams, and Geo. O. Dawson and Will Aldridge were informed against in Count 1 of an information charging them on the 8th day of September, 1936, with the larceny of one lot of railroad rails of the value of $75.00, the property of the Receivers of the Seaboard Air Line Railway Company, a corporation. Count 2 of the information charged Will Aldridge, on the 8th day of September, 1936, with the larceny of the property described in Count 1 of the information. Count 3 of the information charged Geo. O. Dawson and Lovic Adams, of the 8th day of September, 1936, with buying, receiving and aiding in the concealment of stolen property, well knowing the same was stolen, viz: one lot of railroad rails of the value of $75.00 and property of the Receivers of the Seaboard Air Line Railway Company, a corporation.

On the 23rd day of November, 1936, Lovic Adams, the plaintiff in error, was found guilty under the third count of the information. He presented, or caused to be presented, his motion for a new trial and upon consideration thereof the trial court entered an order overruling and denying the same. The said Lovic Adams was by the trial court sentenced to serve a period of two years in the State Prison at hard labor, and from said judgment an appeal has been perfected to this Court and a number of assignments argued for a reversal thereof.

One of the first assignments presented is that during the progress of the trial in the lower court, counsel for plaintiff in error presented a motion requesting that the trial court enter an order requiring or directing the State Attorney to elect between Counts 1 and 3 of the information upon which the State of Florida would rely for a conviction. The trial court overruled and denied the motion upon the

theory, no doubt, that the larceny of the railroad rails, and the receiving and aiding in the concealment of the same property on the same date as described in Counts 1 and 3 of the information related to the same transaction and were properly joined and that the order so made was within the sound judicial discretion of the trial court. We find no error in this ruling. See Mayers v. State, 126 Fla. 640, 171 So. 824; Branch v. State, 76 Fla. 558, 80 So. 482; Presley v. State, 61 Fla. 46, 54 So. 567; Gantling v. State, 40 Fla. 237, 23 So. 857; Eggart v. State, 40 Fla. 527, 25 So. 144. Counsel for plaintiff in error relied upon Carlton v. State, 108 Fla. 34, 145 So. 249; Griswold v. State, 77 Fla. 505, 82 So. 44. It will be observed that Counts 1 and 3, *supra,* are not repugnant or inconsistent like the informations appearing in the cases cited by counsel, *supra.*

In support of the motion for a new trial are affidavits of jurors C. J. Brown, Percy L. King, H. L. Giddens, and John Humphreys, Jr., sitting upon the trial of the defendant in the lower court. The affidavits recite the reason for filing the verdict in the lower court (these were obtained by counsel for plaintiff in error after the adjournment of court). We are at a loss to appreciate the merits or materiality of these affidavits. The lower court disregarded the same when considering and passing upon the motion for a new trial. There was no error in this ruling. See Turner v. State, 99 Fla. 246, 126 So. 158; Linsley v. State, 88 Fla. 135, 101 So. 273; Coker v. Hayes, 16 Fla. 368; McMurray v. Basnett, 18 Fla. 609.

It is next contended that the lower court erred in overruling and denying plaintiff in error's motion for a directed verdict after the State of Florida had rested its case. We have examined the testimony to which the motion was directed. We think there was sufficient testimony offered on the part of the prosecution to support a verdict for the

State, provided the jury believed the testimony. It was purely a question for the jury, and this Court is without authority to substitute its judgment for that of the jury. A verdict of not guilty in a criminal case should not be directed by a trial court unless it be apparent that no sufficient evidence has been submitted upon which the jury could legally find a verdict of guilt. See Fouts v. State, 101 Fla. 1248, 133 So. 81.

We have carefully considered the entire transcript, read the testimony made a part thereof, the authorities cited in the briefs of counsel for the respective parties have been examined, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said judgment entered by the lower court in this cause and justice requires that said judgment appealed from should be affirmed. It is the order of this Court that said judgment be, and the same is, hereby affirmed.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD and THOMAS, J. J., concur.