ARTHUR O. PEARCE v. STATE.

196 So. 685
Division A
Opinion Filed June 7, 1940

*Cyrus W. Fields* and *John R. Parkhill,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *William Fisher, Jr.,* Assistant Attorney General, for Defendant in Error.

BUFORD, J.—Writ of error from the Criminal Court of Record, Hillsborough County.

Plaintiff in error, Pearce, a former refrigerator salesman of Charles Green Company, was convicted of embezzling $200 from his employer. A written confession of defendant was introduced at the trial. The confession was not taken before any of the State or county officials but was prepared by the attorney of Charles Green.

Outside the presence of the jury, evidence was taken relative to the confession of defendant. After cross-examination by defendant of the witnesses, the court ruled that it was made freely and voluntarily and held the confession eligible for admission into evidence. Later in the trial before the jury the defendant attempted to cross-examine one of the State's witnesses as to whether or not the confession was freely and voluntarily made. Prompted by objection from the State, the trial judge ruled that "you can cross-examine him in reference to this document (the confession) but not with reference to whether it was voluntarily made. That question has already been gone into."

After a confession has been admitted by the court as freely and voluntarily made, defendant is entitled to have the evidence in regard to the manner in which it was obtained

given anew to the jury. This is not for the purpose of having the jury pass on its admissibility, but for the purpose of allowing them to judge what weight and value should be given to the confession as evidence. Bates v. State, 78 Fla. 672, 84 So. 373; Beny v. State, 40 Okl. Cr. 202, 111 Pac. 676, 31 L. R. A. (N. S.) 849.

It is contended for the State that despite the ruling here complained of, defendant proceeded later to cross-examine the witness as to the confession. Other questions were asked by defendant touching on the confession, but such questions were not sufficient to overcome and correct the mistake already made.

After the State had rested its case, defendant moved that the State be required to elect under which of the two counts it would stand for conviction. The first count charged defendant with embezzling a refrigerator worth $320 and the second charged him with embezzling $320 representing the proceeds from the refrigerator. The trial court refused to require the State to make the election.

In Mayers v. State, 126 Fla. 640, 171 So. 824, it is said:

"The first question challenges the action of the court in denying motion of the defendant at the close of the State's evidence to require the State to elect as to which count it would stand upon for conviction. When the motion was made to require the State to elect upon which count it would stand for conviction, the disposition of the motion rested in the sound discretion of the trial court, provided the counts of the indictment were not repugnant to or inconsistent with one another. See Green v. State, 17 Fla. 669; Eggart v. State, 40 Fla. 527, 25 So. 144; Branch v. State, 76 Fla. 558, 80 So. 482.

"If, however, the counts of the indictment are such that under the evidence adduced the defendant cannot be con-

victed on more than one of such counts, then to deny a motion when properly and timely made to require the State to elect as to the count of the indictment upon which it will proceed with the prosecution constitutes reversible error warranting a new trial. See Griswold v. State, 77 Fla. 505, 82 So. 44; Carlton v. State, 108 Fla. 34, 145 So. 249."

The law is settled in this State that an election may be required and this even though it is merely a question of intent as to whether defendant committed one or the other crime, and the failure on the part of the trial judge to require such election is reversible error.

It appearing that error was committed by the trial court, the trial judgment of that court is reversed and a new trial ordered.

TERRELL, C. J., and THOMAS, J., concur.

BROWN, J., concurs in opinion and judgment.

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.