OLLIE TIDWELL and JESSE WELCH v. STATE.

196 So. 837
Division B
Opinion Filed June 18, 1940

*Philip D. Beall, Jr.,* for Plaintiffs in Error;

*George Couper Gibbs,* Attorney General, and *William Fisher, Jr.,* Assistant Attorney General, for Defendant in Error.

PER CURIAM.—Writ of error to a final judgment of the Court of Record of Escambia County. Tidwell and Welch,

defendants below, were informed against in the court of record in two counts, being charged in the first count with the larceny of one boat motor of the property of another of the value of $250.00, and in the second count with having feloniously bought, received and aided in the concealment of the same boat motor. The offenses charged under both counts are alleged to have been committed on the same day.

At the close of the case, after all evidence for both the State and defendants was concluded, defendants moved to require the State to elect upon which of the two counts it would stand for conviction. The denial of this motion is made the basis of the first question propounded for decision.

It is the settled rule of this State that where defendants are informed against in two inconsistent and repugnant counts and cannot be convicted under both of them, it is error to deny a motion timely and properly made to require the State to elect upon which of the two counts it will stand for conviction. Mayers v. State, 126 Fla. 640, 171 So. 824; Carlton v. State, 108 Fla. 34, 145 So. 249. See also Pearce v. State, 143 Fla. 347, 196 So. 685, argued this term.

When is a motion requiring election properly and timely made? In the Pearce, Mayers and Carlton cases, *supra,* the motion was made after the State had closed its case in chief, and before the introduction of any evidence by defendants. This has been the criterion heretofore. To extend the time when such a motion may be made and to allow defendants to introduce testimony before requiring election would work an undue detriment to the State in the prosecution of criminal cases not sanctioned by this Court.

Defendants were found guilty under the second count and judgment was rendered on the verdict. In seeking reversal, defendants contend that there was not sufficient evidence of receiving stolen goods upon which the jury

could base its verdict, and that inferences drawn by the jury from the fact of the goods being in defendants' possession are insufficient as a basis for the verdict of guilty.

Defendants admitted that they had the property in their possession, but offered an explanation of such possession. The jury are the sole·judges of the reasonableness, probability, and credibility of the defendants' explanation of how they came into possession of the stolen property. See Carlton v. State, *supra;* McDonald v. State, 56 Fla. 74, 47 So. 485. The verdict of guilty indicates that the jury did not believe the explanation. Inferences of guilt that may have been drawn by the jury from the defendants' possession of the property are not without substantial support in the evidence.

The evidence being legally sufficient to sustain the verdict, and no reversible error appearing, the judgment of the court of record is—

Affirmed.

WHITFIELD, P. J., and CHAPMAN, J., concur.

BROWN, J., concurs specially.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.

BROWN, J. (concurring specially).—It appears that in all the cases decided by this Court on the point, the motion to require the State to elect upon which of two inconsistent counts it would rely for conviction was made at the close of the State's case in chief and not at the close of all the testimony. It would seem that such would be the time for making such a motion. The only possible reason for re-

quiring the State to elect upon which count it would rely for conviction is in order that the defendant might know which of two inconsistent charges he is called upon to meet with his evidence, and thereby to afford him the opportunity of defending with his evidence against the specific charge upon which the State relies. When a defendant is charged with two inconsistent offenses, and might under the evidence be guilty of one or the other of them but not of both, the defendant might well be embarrassed or hampered in the defense of the case by not knowing which of the two charges the State relies upon. Furthermore, when the State has closed its testimony, the State's prosecuting attorney is then in a position to determine upon which count the State will rely. But when the defendant delays the making of such a motion until after he has voluntarily elected to meet both charges and has introduced evidence to contradict the State's evidence on both counts, the motion to require the State to elect is not "timely made." It is true in this case that the defendant could not properly have been convicted under both counts of the information and the court so charged the jury.

The rule with reference to the inference which the jury may draw from the possession of the defendant of property recently stolen, is in some respects the same in both larceny cases and cases charging the receiving or concealing of stolen property, knowing it to have been stolen. However, there is some distinction between the application of the rule in these two classes of cases.

"To sustain a conviction of receiving stolen property, 'knowing it to have been stolen,' the evidence must either show that the accused had knowledge at the time he received it that the property was stolen or that the circumstances of the transaction were sufficiently suspicious to put a person

of ordinary intelligence and caution on inquiry. Broxson v. State, 99 Fla. 1187, 128 So. 628. See Winton v. State, 87 Fla. 104, 99 So. 249; Franklin v. State, 66 Fla. 213, 63 So. 418."

In the case of Revels v. State, 68 Fla. 74, 66 So. 422, it was said:

"In Bellamy v. State, 35 Fla. 242, 17 South. Rep. 560, we held as follows: 'An instruction that requires the explanation given by a party found in possession of goods recently stolen, as to how he acquired such possession, to be *satisfactory,* as well as reasonable, before such explanation shall shift the burden on the State of proving the falsity thereof, is erroneous. The correct rule is, that where a party is found in possession of goods recently stolen and directly gives a reasonable and credible account of how he came into such possession, or such an account as will raise a reasonable doubt in the minds of the jury, who are the sole judges of its reasonableness, probability and credibility, then it becomes the duty of the State to prove that such account is false, otherwise there should be an acquittal.' " (Citing a number of Florida cases.)

A very clear statement of the rule on this subject was made by Mr. Justice WHITFIELD in McDonald v. State, 56 Fla. 74, 47 So. 485, as follows:

"The guilt of the accused does not follow as a presumption of law from the unexplained possession of the property recently stolen; but the presumption of guilt in such a case is one that the jury may infer as a matter of fact, of which they are the sole judges to be considered in connection with all the other circumstances of each particular case. Rimes v. State, 36 Fla. 90, 18 South. Rep. 114; Collier v. State, 55 Fla. 7, 45 South. Rep. 752.

"The defendant is not required to prove the truth of his

explanation of the possession by him of goods recently stolen. If the explanation leaves a reasonable doubt upon the minds of the jury they should acquit unless the State proves the falsity of the explanation; in which case the jury may infer guilt of larceny from the mere possession of goods recently stolen. If no presumption of guilt may be properly inferred, the guilt must be proven as in other cases, or the defendant is entitled to an acquittal. Where a verdict of guilty is found it indicates that the explanation was not believed by the jury, and unless, upon a fair consideration of all the facts and circumstances in evidence, it appears that the jury were not governed by the evidence in their finding, the verdict should not be disturbed on the ground of insufficiency of the evidence."

In Lawson v. State, 125 Fla. 335, 169 So. 739, it was held that in a prosecution for receiving stolen goods the State had the burden of proving beyond a reasonable doubt that the defendant knew that the goods involved had been stolen, or had knowledge of such facts as would put a man of ordinary intelligence and caution on inquiry as to their stolen character, and that where there is reasonable doubt as to the defendant's knowledge of their stolen character, the jury should give the defendant the benefit of such doubt and acquit him, where such doubt arises out of proved circumstances.

Mr. Justice DAVIS, in Carlton v. State, 108 Fla. 34, 145 So. 249, speaking for the Court very aptly said:

"The possession of goods recently stolen does not raise a presumption, as *matter of law,* of the guilt *of the possessor,* but the presumption arising therefrom is purely a matter of *fact* to be passed upon by the jury, and of which they are the sole judges; but it is, nevertheless, true, that the presumption of guilt as a question of inference of fact, is

permitted by law to be drawn by the jury from the unexplained possession of recently stolen goods. Bellamy v. State, 35 Fla. 242, 17 Sou. Rep. 560; Kilkrease v. State, 96 Fla. 264, 117 Sou. Rep. 862.

"The correct rule is that where a party is found in possession of goods recently stolen and directly gives a reasonable and credible account of how he came into such possession, or such an account as will raise a reasonable doubt in the minds of the jury, who are the sole judges of its reasonableness, probability and credibility, then it becomes the duty of the State to prove that such account is false, otherwise there should be an acquittal, but that the jury may infer as a fact the guilt of the defendant from defendant's unexplained possession of goods recently stolen." (Citing authorities.)

Under the facts and circumstances presented to the jury in this case, it was a question for the jury to determine as to whether the defendants were shown to have had knowledge that the boat motor in question was stolen property at the time they took it into their possession. There were circumstances in the case from which the jury could reasonably have reached the conclusion that the defendants must have known that the property in question was stolen property and this Court would not, under the testimony and evidence in this case, be warranted in holding the trial court in error for declining to set aside their verdict.

I therefore concur in the judgment of affirmance.

CHAPMAN, J., concurs.