**BRANT HAYWARD and VANCE HAYWARD v. STATE OF FLORIDA**

12 So. (2nd) 458                              January Term, 1943
March 23, 1943                                    Division A
Rehearing Denied April 12, 1943

*D. M. Martin* and *E. P. Martin,* for appellants.

*J. Tom Watson,* Attorney General, and *Woodrow M. Melvin,* Assistant Attorney General, for appellee.

CHAPMAN, J.:

The appellants, Brant Hayward and Vance Hayward, were informed against in the Circuit Court of Putnam County, for crime of buying, receiving, and aiding in the concealment of four automobile wheels and tires of the value of $100.00, property of J. Moore, well knowing that the aforesaid property had been stolen. The defendants were arraigned and entered pleas of not guilty, placed upon trial and by a jury of Putnam County found guilty. The trial court sentenced each to serve a period of five years at hard labor in the State Prison, and an appeal therefrom has been perfected to this Court.

Prior to arraignment, defendants below moved the trial court to quash the information against them and to suppress certain evidence based on search warrants issued by a magistrate authorizing the search of described property of the defendants on grounds: (1) the information before the magistrate when issuing the search warrants was legally insufficient to establish probable cause; (2) the unlawful issuance of the warrants, the search of the homes and business property of the defendants thereunder, the seizing of alleged stolen property therein and taking them into custody

were violative of their constitutional rights; (3) the description of the homes and business property of the defendants was fatally defective; (4) the property seized during the search was not authorized by either of the search warrants. Attached to the motions and made a part thereof were the several affidavits before the magistrate when issuing the warrants, inclusive of the sheriff's return thereon. Separate motions of the defendants to quash and suppress were filed and contained similar grounds as set forth *supra*. The order or orders of the trial court denying each of the motions are argued as error in this Court. Counsel contends that Cooper v. State, 106 Fla. 254, 143 So. 217, and Gildrie v. State, 94 Fla. 134, 113 So. 704, and authorities cited from other jurisdictions, sustain their position.

The search warrants were issued on affidavits then before the magistrate. Two of the affidavits are set out in the record, while the others are only referred to. The contents of the affidavits have been considered in connection with the applicable statutes. See Sections 8500 to 8518 C.G.L. The cited cases *supra* have been examined. It has not been made to appear that the trial court committed reversible error in entering the order or orders denying the motion to quash and to suppress the evidence. This ruling answers appellants' questions one and two.

Counsel for appellants by their third question challenge the legal sufficiency of the evidence adduced on the part of the prosecution to sustain the verdict and judgments entered in the lower court. The burden of proof under the law was on the prosecution to establish beyond a reasonable doubt that the defendants knew that the described goods were stolen, or had knowledge of such facts as would put a man of ordinary intelligence and caution on inquiry as to their stolen character and whether or not the knowledge that the property was stolen is a question of fact for a jury under appropriate instructions. See Lawson v. State, 125 Fla. 335, 169 So. 739. The possession of goods recently stolen does not raise a presumption, as a matter of law, of the guilt of the possessor, but the presumption arising therefrom is purely a matter of fact to be passed upon by a jury. See

Tidwell v. State, 143 Fla. 397, 196 So. 837; Carlton v. State, 108 Fla. 34, 145 So. 249; Kilcrease v. State, 96 Fla. 264, 117 So. 862; Bellamy v. State, 35 Fla. 242, 17 So. 560.

Witnesses for the State testified as to an agreement with the defendants to deliver to them stolen property and it was agreed that the property should not be stolen within the area of 150 miles about Plant City. The stolen property was found in the possession of the defendants, and a witness testified that the tires were delivered to defendants at Palatka and the defendants paid $10.00 for property shown to have been worth considerably more. The defendants went from Plant City to Palatka pursuant to a telephone call and received the stolen property. ·The defendants denied this testimony when on the witness stand and thereby the issue became a jury question. We hold that the testimony is sufficient to sustain the verdict. This answers questions three and four of appellants.

It is next contended that the testimony was insufficient to establish the value of the tires at the sum of $75.00. The State called as a witness a dealer of·tires who examined the alleged stolen tires and gave testimony as to their value. While it is true that the appellants paid $10.00 for the tires, the true value was considerably more, as shown by the State's testimony. We hold that the contention is without merit.

When one of the appellants was on the witness stand he testified that he "did not want anything (property) that was stolen." The trial court sustained a motion by the State to disregard in their deliberation the aforesaid statement and this ruling is the basis of the sixth question of appellants. In considering other portions of testimony, it is a deductible inference, that the appellants were honorable and law abiding citizens. While this adverse ruling may be technically erroneous, considering the ruling in the light of the entire record, it cannot be said that the ruling was harmful.

During the progress of the trial the State, over the objection of counsel for appellants, adduced in evidence a suit of clothes, a shot gun, a fishing rod, and possibly a camera, and the contention is made that the information charges a guilty knowledge of only four wheels and tires and that the

court erred in admitting the articles into evidence not described in the information. The identity of the tires, if believed by the jury, and other articles alleged to have been stolen, although not described in the information, was admissible on the theory that these articles established a line of conduct or course of business activity that could be considered by the jury with other testimony in reaching a verdict, under appropriate instructions. We fail to find error in this ruling.

We have given careful consideration to questions 8, 9, and 10 propounded by counsel for adjudication by this Court and hold that each is without merit. We fail to find error in the record and accordingly the judgments appealed from are hereby affirmed.

Affirmed.

BUFORD, C. J., TERRELL and ADAMS, JJ., concur.