MILLS, Judge.
A jury found the defendant guilty of the crimes of assault with the intent to commit first degree murder and assault with the intent to commit rape. The defendant appeals from the judgments of conviction and sentence to concurrent fifteen year terms. The issues raised are whether the trial court erred (1) in failing to admit the results of a lie detector test into evidence, (2) in failing to require the state to elect one of the two crimes charged to present to the jury, (3) in sentencing the defendant on each crime, and (4) in permitting two witnesses for the state to testify to statements made to them by the defendant where the state, in response to demand for discovery, stated that the defendant made no statement.
In the absence of a stipulation and upon objection, the results of a lie detector test are inadmissible. Codie v. State, 313 So.2d 754 (Fla.1975). In the case before us, there was no stipulation and the state objected.
Unless the counts of an information are inconsistent and repugnant to each other, and unless the defendant cannot be convicted under both counts, the state is not required to make an election, but may prosecute each of the counts. Tidwell v. State; 143 Fla. 397, 196 So. 837 (1970). The defendant was charged with two separate crimes which were neither inconsistent nor repugnant to each other, and the defendant could have been and was convicted under both counts.
In the case before us, assault with the intent to commit first degree murder and assault with the intent to commit rape are not facets of the same criminal transaction, but are separate and distinct acts, therefore, are punishable separately. See Amerson v. State, 303 So.2d 377 (Fla.App. 1st, 1974). The victim was forcibly required to undress and to submit to defendant’s efforts to have intercourse with her. When unsuccessful in consummating the act, defendant made the victim dress, and after walking some distance from the scene of the first act, suddenly stabbed her in the left side and neck with a knife.
Violation of a criminal rule of procedure does not require the reversal of a conviction unless the record discloses that noncompliance with the rule resulted in prejudice or harm to the defendant. Richardson v. State, 246 So.2d 771 (Fla. 1971). In response to defendant’s Rule 3.-220(a) (1) (iii) demand that it furnish him with the substance of any oral statements made by him, together with the names and addresses of the witnesses to the statements, the state replied that no statements were made. At trial the state produced two witnesses who testified, over defendant’s objections and motions for mistrial, to oral statements made by the defendant. Although the state failed to comply with Rule 3.220(a)(1) (iii) or Rule 3.220(f), the trial court permitted the witnesses to testi *69 fy because it determined that the state had furnished the defendant with the names and addresses of the witnesses, and defendant had taken their depositions prior to trial. The record reflects the testimony given by these witnesses was corroborative of the testimony subsequently given by the defendant. Although the state violated two discovery rules, and the trial court did not make the inquiry into the surrounding circumstances as suggested by the Richardson case, nevertheless, the error was harmless. The defendant received a fair trial.
Although we are not compelled to reverse this case, we do not condone the lack of candor and fair play of the state in failing to comply with the Rules of Criminal Procedure. These rules apply to the state just as much as they apply to defendants. If all citizens are to have confidence in the judicial branch of government, the state must at all times fully and completely, with candor and truthfulness, comply with all Rules of Criminal Procedure.
Affirmed.
RAWLS, Acting C. J., and SACK, MARTIN, Associate Judge, concur.