RAWLS, Acting Chief Judge.
By amended information, appellant was charged in Count I with breaking and entering with intent to commit grand larceny, in Count II with grand larceny, and in Count III with unlawfully receiving or aiding in the concealment of stolen property, knowing the same to have been stolen.
Prior to taking testimony, appellant’s attorney moved the court to instruct the state to make an election between Counts II and III on the ground that the counts were inconsistent and repugnant to each other. The trial judge denied the motion. This motion was renewed following presentation of the state’s case, and again the trial judge denied the motion. The trial court instructed the jury that each count of the information constituted a separate and distinct offense. The jury returned a verdict of guilty on all three counts. The trial court entered judgments of guilt and imposed sentences on Counts I and II; there was no adjudication on the third count of receiving or aiding in the concealment of stolen property.
Appellant’s sole point on appeal is: “The trial court prejudicially erred in denying Appellant’s motions, timely made, to require the State to elect which of two repugnant and inconsistent counts it would rely upon for a conviction, said error requiring reversal for a new trial.” We agree.
The well settled rule in this state is as expressed in the early case of Bargesser v. State, 95 Fla. 401, 116 So. 11 (1928):
“Larceny and receiving stolen goods knowing the same to be stolen are sepa *506 rate and distinct offenses and, where the same property, the same larceny, and the same person as principal are involved, they are in law inconsistent offenses . the principal in a larceny cannot himself be guilty of the crime of receiving the same goods which he himself has stolen, nor can the guilty receiver himself be the principal in the larceny. The inconsistency is obvious. One cannot receive goods from himself.
“Since the defendant, under the evidence in this case, could not in law be guilty of both of these offenses, of which one did the jury find him guilty? . . . Since the verdict is one which the law does not authorize, the judgment entered thereon must be, and is hereby, reversed.”
Carlton v. State, 108 Fla. 34, 145 So. 249 (1933), reiterated the foregoing rule wherein the Supreme Court stated:
“Being appropriate, as this court has said, a motion to require the state to elect between two inconsistent counts should be granted, when two counts of an information are entirely repugnant but have been permitted to stand in order to meet evidence which may possibly be adduced at the trial. To deny such motion when properly and timely made will be held reversible error warranting a new trial, when it appears that the jury has found the defendant guilty on one of the two inconsistent counts.”[1]
REVERSED with directions that a new trial be granted.
MILLS and SMITH, JJ., concur.

. Tidwell v. State, 143 Fla. 397, 196 So. 837 (1940); see Pearce v. State, 143 Fla. 347, 196 So. 685 (1940). Adams v. State, 138 Fla. 206, 189 So. 392 (1939), is not necessarily to the contrary. The unanimous Supreme Court held that the counts of larceny and of receiving stolen property were not, in the circumstances of that case, repugnant to each other. It appears that Adams may well have been charged in the larceny count as an aider and abettor. See Bargesser, supra, 116 So. at 13; Adams v. State, 60 Fla. 1, 53 So. 451 (1910).