PER CURIAM.
This appeal is by the defendant from a judgment finding him guilty of buying, receiving or concealing stolen property pursuant to Section 811.16, Florida Statutes (1973).[1] The judgment was entered upon a jury verdict.
On this appeal, the principal contention is that the trial judge erred in giving an instruction on the degree of proof necessary for knowledge that the property was, in fact, stolen property. Appellant urges that an instruction given by the court allowed an element of the crime to be proved by evidence less than that allowed for conviction. A fair reading of the instruction convinces us that the court did not instruct, as appellant suggests, that it was not neces *381 sary to prove beyond a reasonable doubt that the defendant knew the property to be stolen. What the court did instruct is that the necessary ingredient of the offense of receiving stolen property, knowing it to have been stolen, is knowledge on the receiver’s part at the time that he receives the thing stolen that the property is stolen, or of such fact as would put a person of ordinary intelligence and caution on inquiry. Hayward v. State, 152 Fla. 608, 12 So.2d 458 (1943); Seymour v. State, 246 So.2d 155 (Fla. 3d DCA 1971). The appellant conceived that the instruction was not worded properly, it was necessary for him to object to the instruction. See Dorminey v. State, 314 So.2d 134 (Fla.1975). This was not done in this case.
Appellant’s point directed to the sufficiency of the evidence is not supported by the record and, therefore, does not present error.
The point claiming error in the form of the verdict was not preserved for appeal because the defendant not only failed to object to the form of the verdict but also actually agreed to its submission. See McPhee v. State, 254 So.2d 406 (Fla. 1st DCA 1971).
The remaining points claim error upon the examination of the defendant as to prior convictions and evidence of the circumstances surrounding the theft of the property. We conclude that the facts were relevant and properly admitted.
Affirmed.

. The revision of this statute appears at Section 812.031, Florida Statutes (1976 Supp.).