## STATE v. PATRUS.

No. 76-66.

Circuit Court, Broward County, Criminal Appeal.

June 2, 1977.

Linda A. DeBene, Assistant State Attorney, for the appellant.

Raymond W. Russell, Fort Lauderdale, for the appellee.

ROBERT W. TYSON, Jr., Circuit Judge.

The appellee, defendant below, was accused of violating two sections of the law, to wit, first, violation of Florida Statute 316.028(1), which reads — "It is unlawful . . . when affected to the extent that his normal faculties are impaired to drive . . . any vehicle within this state," and secondly, violation of Florida Statute

316.028(3), which reads — "It is unlawful . . . for any person with a blood alcohol level of 0.10 per cent or above, to drive . . . any vehicle within this state."

On October 12, 1976 the trial court entered an order granting the appellee's "motion to compel prosecutor to elect offense" which is the subject matter of this interlocutory appeal by the state.

At the outset this court notes that the oral argument of the parties at the trial level concerning the motion of the appellee was not preserved, and the trial court recited no findings or reasons concerning its order.

The court, having reviewed the record on appeal and having heard oral argument of counsel and having perused briefs and the law, finds that —

1. The appellee asserts that the two laws are inconsistent and repugnant.

The legislature in its infinite wisdom has enacted these two laws, both of which are separate and distinct criminal violations of the law. In this case the acts stem out of the same transaction and episode.

Depending upon the verdicts, it is possible that —

a) The defendant be found not guilty of both charges, or

b) Guilty of both charges, or

c) Guilty of driving "under the influence of alcoholic beverage . . . when affected to the extent that his normal faculties are impaired," but not guilty of driving "with a blood alcohol level of 0.10 per cent or above," or

d) Guilty of driving "with a blood alcohol level of 0.10 per cent or above," and not guilty of driving "under the influence of alcoholic beverage . . . when affected to the extent that his normal faculties are impaired."

The two charges are separate and distinct offenses and are neither repugnant nor inconsistent. Those cases cited by the appellee, *Johnson v. State,* 333 So.2d 505, *Tidwell v. State,* 196 So. 837, and *Mayers v. State,* 171 So. 824, are easily distinguishable and do not apply.

2. The appellee asserts that he would be prejudiced if tried on the two charges together. He believes that evidence concerning his demeanor and actions as to violation of subsection (1) cannot be used against him for violation of subsection (3). This may be true, but it is not a foregone conclusion.

The evidence applicable to violation of subsection (3) to wit, blood alcohol, undoubtedly would be introduced as evidence of violation of subsection (1), although a proffer might be necessary.

Without prejudice to the defendant in many multi-count cases, which courts regularly try throughout this state, evidence is brought to the trier of facts that might be applicable to only one count, but not applicable to the other counts. For example, when an accused is charged with count I - sale of marijuana and count II - possession of marijuana, or count I - murder in the first degree and count II - robbery.

The defendant in this case would not be prejudiced by both charges being tried at a single trial.

3. The state complains that it would be placed in the difficult position of not being able to try the second charge after the first charge has been tried by reason of double jeopardy to the defendant. This court recognizes there is nothing of record indicating that the defendant has waived the right not to be placed in the position of double jeopardy. This case arises out of the same incident, transaction and episode. Although both are violations of the law, the state is in the untenable position of having to elect which charge to proceed on, and being foreclosed on trying the second charge. Certainly if the defendant is found guilty of both charges he could only be sentenced to the charge with the highest penalty.

4. Without doubt the trial court has jurisdiction, power and discretion to act in this matter. The court recognizes all presumptions in favor of the trial court's order and its exercise of discretion.

"Discretion" means judgment, considerateness, caution, and it must be exercised according to legal reasoning, not capriciously, waywardly, or whimsically. It is controlled by the provisions and principles of law and equity applicable to the particular facts and circumstances of the case. 2 Florida Jurisprudence, Sections 324-327. This discretion should be exercised in fairness to all parties and the administration of justice.

Although the trial court conscientiously exercised its discretion, the question is whether the court exceeded that discretion. The answer is in the affirmative.

5. The court notes that to try both of these charges separately is not in the best administration of justice, for among other reasons —

a) the cost and time of two trials, and

b) inconvenience to witnesses returning for a second trial, and

c) delay in ultimate resolve of the accusations.

This is all assuming that two trials could be had, which this court feels would be in violation of the defendant's right not to be placed in a position of double jeopardy.

In summation, the court finds —

1. That charges are neither inconsistent nor repugnant.

2. That defendant is not prejudiced by being tried for both charges at a single trial.

3. That the state has lawfully accused the defendant of two violations of the law arising out of the same incident, transaction and episode, but has been effectively denied prosecuting those offenses by the trial court's order. If the state elected, it would be prohibited from trying the second offense by reasons of double jeopardy.

4. That reasons of proper court administration lean toward single trials as opposed to multiple trials.

Accordingly, it is ordered that the order of the trial judge dated October 12, 1976, granting defendant's motion to compel prosecutor to elect offense is set aside and appellant may proceed to try the appellee on both charges at a single trial. This case is remanded to the trial court for further proceedings in accordance with this decision. Reversed.