DAUKSCH, Judge.
Appellant was found by the police in possession of a radio which was stolen from a boat. He was charged with the burglary of the boat, and the larceny of the radio. He was also charged with buying, receiving and concealing stolen property: the radio. At the close of the state’s case in chief at trial the appellant moved for an order requiring the state to elect between the larce *741 ny and the buying, receiving and concealing counts. It was the Appellant’s contention that it is inconsistent for the state to charge both that the accused was the thief and the “fence”, or somehow bought, received or concealed the radio. The court declined to require the election. The Appellant was convicted of buying, receiving and concealing stolen property.
In Griswold v. State, 77 Fla. 505, 82 So. 44, 49 (1919), it was held the accused cannot be required to answer to two inconsistent counts at trial and implicitly upon a proper motion by the Defendant at the proper time the state could be required to elect. In Carlton v. State, 108 Fla. 34, 145 So. 249 (1933), our Supreme Court held that larceny and buying, receiving and concealing stolen property are repugnant to each other and if the jury finds the Defendant guilty of one of the two inconsistent counts reversible error is committed. See also Mayers v. State, 126 Fla. 640, 171 So. 824 (1937); Pearce v. State, 143 Fla. 347, 196 So. 685 (1940), Tidwell v. State, 143 Fla. 397, 196 So. 837 (1940), and Johnson v. State, 333 So.2d 505 (Fla. 1 DCA 1976).
The radio the Appellant was accused of stealing was the same radio he was accused of having illegally bought, received or concealed. The motion for election was made at the proper time, at the close of the state’s case and before the Defendant presented evidence. Based upon the foregoing cases it is incumbent upon us to reverse the conviction of the Appellant and remand for a new trial on the charge of buying, receiving and concealing stolen property.
REVERSED and REMANDED.
ALDERMAN, C. J., and CROSS, J., concur.