HOBSON, Justice.
The appellant Smoak was informed against for grand larceny, tried before the court without a jury (jury trial having been waived) and found guilty.
The State produced two witnesses, Miss Acerra and Miss Gottshall. The record discloses that the appellant Smoak was visiting Miss Gottshall at her apartment during the early hours of the morning on Sunday, November 21, 1954. Miss Acerra, Miss Gottshall’s apartment mate, returned home from work at approximately 1:00 A. M., and placed a sum of money under a couch in the living room. The appellant Smoak and Miss Gottshall were lying on this couch. Smoak saw where the money was placed. When Miss Acerra arose at 7:00 A. M., Smoak was gone and the door, which had been locked, was unlocked. Miss Gottshall had retired to bed at about 3:30 or 4 o’clock in the morning and had left the appellant on the couch in the other room. The appellant had left the apartment about six o’clock in the morning. Miss Acerra discovered that the money was gone shortly before five o’clock on the following afternoon.
The State proved, and the appellant admitted, that he was in the apartment from which the money was later found to be missing, but the State did not prove that the theft could not have been the work of someone else, occurring before five o’clock on the following day, when the money was discovered to be missing. All of the evidence tending to establish the guilt of Smoak was circumstantial in character, and it does not foreclose all reasonable inferences of innocence. We think that the evidence here is not so strong as in Cross v. State, 96 Fla. 768, 119 So. 380. In Bargesser v. State, 95 Fla. 401, 116 So. 11, there was present the additional element that the appellant was found in possession of the automobile he had allegedly stolen, and the jury was authorized to discredit the explanation which he gave of such possession. That is not the case here.
We therefore conclude that the appellant was not proved to have been guilty, beyond a reasonable doubt, of the offense with which he was charged. Accordingly, the judgment and sentence must be reversed.
It is so ordered.
DREW, C. J., and THOMAS and O’CONNELL, JJ., concur.