PIOBSON, Justice.
This is an appeal by defendants from judgment of the Broward County Criminal Court of Record on a verdict of guilty of grand larceny.
Appellants were charged with the theft of a mink stole of a value in excess of $50 from a ladies’ specialty shop located in Hollywood, Florida.
The evidence against appellants is wholly circumstantial in character. The stole had been on a hanger approximately 10 or 12 feet from the front door of the shop. Only three witnesses for the State testified as to the circumstances immediately surrounding the alleged theft. The witness Rolnick, owner of the shop, testified on direct examination that he had returned to the shop from lunch around 1:30, that there were then a number of customers in the shop, and that the stole was missing. On cross-examination, however, he testified that he had seen the stole on the hanger as he walked into the store and that later he was told that “somebody walked out with the stole”. He saw neither of the appellants in the shop and had no conversation with either of them.
The witness Scherer, a saleslady in the shop, testified that the appellants had entered the shop to look at dresses. Appellant Lewis was directed to a bin where dresses in her size were kept and the witness went to the rear of the shop to obtain two dresses in appellant Horton’s size. She was gone perhaps a minute or a minute and a half. She testified that the stole was on its hanger when she left, but when she returned appellant Lewis was gone and the stole was missing from its hanger, which was swinging. She called the other personnel from the rear of the shop, and told them that the stole was missing. Appellant Horton then left the shop.
*305 The witness Lakosky, also a saleslady in the shop, testified that she had been in the rear of the shop, had heard Mrs. Scherer’s exclamation, and had gone to the front of the shop. Mr. Rolnick and Mrs. Scherer had left the shop and were walking down the street at the time. Miss Lakosky also left the shop, and some twenty minutes later saw the appellant Lewis with a bundle under her arm. She had not seen Miss Lewis in the shop. In describing the bundle she said “ * * * around the outside of it was a white crocheted stole, and you- can - see through that, and underneath I could see it looked like a plastic material, something like a shower curtain, or something * * ” Appellant Lewis testified that she had had this bundle when she entered the shop, and there is no contrary testimony in the record. The stole was never recovered.
The evidence against appellant Horton plainly falls short of the standard required for a conviction of crime. Against the appellant Lewis, although the evidence is susceptible of an inference of guilt, we must say, as we did in Smoak v. State, Fla., 87 So.2d 513, that “it does not foreclose all reasonable inferences of innocence”. The situation here is quite similar to that which confronted us in the Smoak case, except that there the locus of the alleged theft was a private apartment, and here it is a public shop where, a fortiori, the opportunity for making off with goods extends to a wider' range of persons. With a valuable fur hanging in plain sight so near the door, only a moment would have been needed for a person passing along the street to have stolen it. If this appellant had been discovered in possession of the allegedly stolen article it would have been another matter. Cf. Bargesser v. State, 95 Fla. 401, 116 So. 11. But here the bundle which appellant was carrying was not examined and there is no suggestion that it contained the missing article.
The judgment appealed from must be, and it is hereby, reversed on authority of Smoak v. State, supra, Fla., 87 So.2d 513; Raybon v. State, Fla., 75 So.2d 7; and Lyons v. State, Fla., 47 So.2d 541.
Reversed.
DREW, C. J., THORNAL, J., and KNOTT, Associate Justice, concur.