• O’CONNELL, Justice.
Defendant, J. B. Harris, was' charged with violation of Sec. 590.28(1), Florida Statutes 1955, F.S.A. under an information containing three counts. Count one of the information charged him with unlawfully, wilfully and intentionally setting fire to forest, grass and woodlands of another; count two charged him with so burning the forest, grass and woodlands of another; and court three charged him with so causing to be burned the forest, grass and woodlands of another. A jury found him guilty of the third count. No finding was made by the jury as to the first and second counts of the information. Sec. 590.28(1), Florida Statutes 1955, F.S.A. reads as follows:
“Whoever wilfully, maliciously or intentionally burns, sets fire to, or causes to be burned or any fire to be set to, any forest, grass, or woodlands not owned by, or in the lawful possession of, the person setting such fire or burning such lands or causing such fire to be set or lands to be burned shall, upon conviction thereof, be deemed guilty of a felony, and punished as provided in § 590.30.” (Emphasis ours.)
Several fires were discovered in the area involved and evidence was produced which was sufficient to persuade the jury such fires were not accidental. Defendant was seen by several people walking along a road and ditch adjacent to the land being burned and within a few hundred feet of the smallest of the fires. The next day, witnesses testified, tracks were observed indicating some one had walked along the road and in the ditch in that vicinity. These tracks indicated also that the person making such tracks left the road and went into the woodlands or grasslands towards the fire and then returned. The tracks were not visible on the grass and it was impossible *726 to tell how far the person had gone in the woods before returning. No comparison of those tracks were made with the shoes or feet of defendant but they were the only set of tracks appearing in that vicinity and defendant was found in that immediate vicinity immediately after the fires started. Defendant denied he set the fires. No direct evidence was submitted to show defendant set the fires.
During the trial testimony of various witnesses was introduced which, if accepted by the jury, impeached that of the defendant.
Judgment was entered on the verdict and defendant was sentenced to 18 months in the State Penitentiary.
On this appeal defendant raises two questions. It is necessary only to discuss defendant’s contention that the evidence is insufficient to sustain the verdict and judgment appealed from.
After the trial of this cause below, we decided the case of Sheffield v. State, Fla. 1956, 90 So.2d 449. In that case we held, on page 452, that
“Section 590.28, Florida Statutes 1955, F.S.A., by its terms expressly requires a specific criminal intent to damage or destroy property of another. It further provides that such intent must be engendered ‘by malice or spite or by the hope of material gain or employment to be derived either directly or indirectly.’ No such specific intent is alleged or proved in the instant case.”
In the case before us the intent specified in Sec. 590.28(2), F.S.1955, F.S.A. was neither alleged in the information nor proved at the trial.
We must therefore conclude that the evidence was insufficient to sustain the verdict and judgment of guilty.
The State, in the brief of the Attorney General,-contends that the information was drafted under Sec. 590.28, F.S.1955, F.S.A. Nevertheless, we have considered, as was done in the Sheffield case, the sufficiency of the evidence to sustain a conviction under Sec. 590.08, F.S.1955, F.S.A.
We must conclude that while the evidence, which is all circumstantial, may be consistent with guilt, is not wholly .inconsistent with every reasonable hypothesis of innocence. Horton v. State, Fla.1956, 91 So.2d 304; Smoak v. State, Fla.1956, 87 So.2d 513; and Raybon v. State, Fla.1954, 75 So.2d 7.
The verdict and judgment is reversed.
TERRELL, C. J., and HOBSON and DREW, JJ., concur.