HENDRY, Chief Judge.
This is an appeal- by the defendant, Albert J. Reynolds, from a judgment and sentence following a non-jury trial and conviction of larceny of an automobile.
On December 14, 1964 Reynolds went to a used car lot and approached one of the salesmen. He told the salesman that he had previously been looking at a Ranchero truck and wanted to see it again. The salesman pointed out the truck, ■ a 1962 Ford Ranchero. The owner of the lot moved the truck under the lights so that Reynolds could get a better look at it. He then left to answer the telephone. When he returned, Reynolds and the truck were missing. Two or three days later the police returned the truck to the lot.
A witness testified that on December 7, 1964 or December 14, 1964 she saw Reynolds driving a truck. She described the truck as having a lot of silver and gold on the back and “something like a dog catcher”.
The defendant contends that the state failed to establish a prima facie case of larceny.
The evidence against Reynolds is wholly circumstantial in character. Thus, it is not enough that the facts create a strong probability of guilt, they must be inconsistent with innocence.[1]
The evidence herein does not foreclose all reasonable inference of innocence and therefore the judgment appealed must be reversed.[2]
In view of our holding above, defendant’s other contention was not considered.
Accordingly, the judgment appealed is-reversed and the defendant is discharged.
It is so ordered.

. Frank v. State, 121 Pla. 63, 163 So. 223 (1935).

. Smoak v. State, Fla.1956, 87 So.2d 513.