McCORD, Judge.
Appellant was charged with and convicted of grand larceny occurring between March 30, 1974, and April 30, 1974, — the larceny of “carpeting and drapery and other items of more than $100” of the property of Betty Stringfield Bills. The charge grew out of a dispute between appellant and Mrs. Bills over sale of appellant’s house and the evidence in support of the charge was entirely circumstantial. It would serve no useful purpose to here relate all of the details of that dispute and we will therefore relate only those which we consider pertinent to the issue before us. Mrs. Bills had put up a binder on the purchase of appellant’s home and had subsequently paid additional monies. Mrs. *517 Bills testified that appellant had mailed her a deed to the property purportedly executed by his mother-in-law. Appellant, on the other hand, testified that Mrs. Bills, without his knowledge, took the deed from his briefcase which he had left at the house. Appellant subsequently deeded the property to a third party who ultimately prevailed over Mrs. Bills in a civil action over ownership of the property.
For a period of several months after Mrs. Bills, on December 19, 1974, gave appellant the binder, she and appellant both claimed a right to possession of the house. Mrs. Bills placed a carpet, drapes and other articles in the house. She testified that she changed the locks on the house and that appellant broke in a number of different times. Appellant, on the other hand, testified that he gained entry to the house with a key. There was property in the house which he claimed to own and which Mrs. Bills testified was to go with the sale. It included a carpet and drapes — a different carpet and drapes from those placed in the house by Mrs. Bills. Appellant admittedly was in the house off and on during the several months’ period.
A neighbor testified that on March 30, 1974, she saw appellant back his truck up to the house and start throwing things off the balcony. She recalled a roll of carpeting and household goods. Mrs. Bills testified that she was out of town on the weekend of the 30th and when she came back, she went to the house and found the things had been removed which appellant had agreed to leave with the house. She further testified that the next time she found anything missing was on the 17th and 18th, when she found her drapes, carpet, vacuum cleaner and cleaning equipment were missing.
The only direct testimony as to appellant moving items from the house was the aforesaid neighbor’s testimony that she saw him removing items on the 30th, and Mrs. Bills’ mother’s testimony that on April 17 she saw appellant in the house rolling drapes or paneling and then saw him put a big brown grocery bag in the car. The evidence as to the items removed by appellant on the 30th is insufficient to support appellant’s conviction as Mrs. Bills’ ownership or right to possession of those articles is too vague and uncertain.
There is no direct evidence that appellant took the items which Mrs. Bills missed on April 17 and 18. Since the house was open part of the time during this period, anyone could have gone in and taken the items in question. While there is a strong inference and presumption that appellant took the items, such is not sufficient to sustain the verdict. In Davis v. State, Fla., 90 So.2d 629 (1956), the Supreme Court said:
“At the same time we must not lose sight of the basic proposition that one accused of a crime is presumed innocent until proved guilty beyond and to the exclusion of a reasonable doubt. It is the responsibility of the State to carry this burden. When the State relies upon purely circumstantial evidence to convict an accused, we have always required that such evidence must not only be consistent with the defendant’s guilt but it must also be inconsistent with any reasonable hypothesis of innocence. Head v. State, Fla.1952, 62 So.2d 41; Mayo v. State, Fla.1954, 71 So.2d 899.
Evidence which furnishes nothing stronger than a suspicion, even though it would tend to justify the suspicion that the defendant committed the crime, it is not sufficient to sustain conviction. It is the actual exclusion of the hypothesis of innocence which clothes circumstantial evidence with the force of proof sufficient to convict. Circumstantial evidence which leaves uncertain several hypotheses, any one of which may be sound and some of which may be entirely consistent with innocence, is not adequate to sustain a verdict of guilt. Even though the circumstantial evidence is sufficient to suggest a probability of guilt, it is not *518 thereby adequate to support a conviction if it is likewise consistent with a reasonable hypothesis of innocence. * * * ”
While the evidence shows that the acts of appellant were extremely reprehensible and that he may have been guilty of other crimes, it does not meet the above quoted test for support of a conviction of grand larceny based upon circumstantial evidence.
Reversed with directions that appellant be discharged.
RAWLS, Acting C. J., and SMITH, J., concur.