357 So.2d 483 (1978)
Robert REDDING, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-1968.
District Court of Appeal of Florida, Third District.
April 18, 1978.
*484 Bennett H. Brummer, Public Defender, and Kurt Marmar, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before HENDRY and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
HUBBART, Judge.
The defendant Robert Redding appeals his conviction for grand larceny after a non-jury trial before the Circuit Court for the Eleventh Judicial Circuit of Florida. He contends on appeal that the trial court should have granted his motion for judgment of acquittal made at the close of the state's case and renewed at the close of all the evidence on the ground that the evidence was insufficient to establish a prima facie case of grand larceny against him. We agree and reverse.
The evidence at trial viewed in a light most favorable to the state establishes that the defendant left town without paying certain overdue rent which he owed on a house he had rented after having previously promised his landlord that the rent would be forthcoming. Shortly thereafter, the defendant's landlord discovered missing from the house certain property belonging to the landlord although there was no evidence that the house had been burglarized. The stolen property was never recovered or linked in any way to the defendant. Certain of the property had been observed the night before its disappearance located in a van in front of the rented house, but it was not established that the van belonged to or was connected with the defendant. The defendant testified at trial that he left the house the morning before the stolen property was sighted in the van, that he did not steal any of the missing property, that he left the key to the house in the house mailbox, and that he did not owe any overdue rent.
The state's case herein is based entirely upon circumstantial evidence and fails to exclude, as it must, every reasonable hypothesis of innocence. Mayo v. State, 71 So.2d 899 (Fla. 1954). The evidence does not eliminate the reasonable probability that the defendant moved out of the rented premises without stealing any of the property therein and that someone thereafter secured the key from the mailbox left by the defendant, entered the house and stole the property therein. Under well-settled principles of circumstantial evidence law governing criminal cases, such evidence of sudden and unexplained disappearance of property was insufficient to establish a case of grand larceny against the defendant and a judgment of acquittal should have been entered herein upon the defendant's motion. Horton v. State, 91 So.2d 304 (Fla. 1956); Smoak v. State, 87 So.2d 513 (Fla. 1956); Wallace v. State, 330 So.2d 516 (Fla. 1st DCA 1976); J.D.D. v. State, 268 So.2d 457 (Fla. 4th DCA 1972); Reynolds v. State, 186 So.2d 315 (Fla. 3d DCA 1966).
The state argues that the deficiencies in the state's case were cured by a specific finding of the trial court that the defendant had lied in his testimony when he denied owing any back rent and denied having any conversation with the landlord just prior to leaving the house  facts to which the landlord had previously testified. All that can be gleaned from such a finding is that the defendant did leave town without paying certain overdue rent after having had a prior conversation with the landlord during which the defendant had promised to pay such rent. The finding in no way establishes that the defendant stole the property therein from the leased premises. See Ivey v. State, 176 So.2d 611 (Fla. 3d DCA 1965).
The judgment of conviction and sentence entered against the defendant is reversed and the cause remanded to the trial court with directions to discharge the defendant.
Reversed.