389 So.2d 1078 (1980)
P.R., a Juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-1273.
District Court of Appeal of Florida, Third District.
November 4, 1980.
Bennett H. Brummer, Public Defender, and Alan R. Dakan, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Anthony Musto, Asst. Atty. Gen., for appellee.
Before NESBITT, BASKIN and DANIEL S. PEARSON, JJ.
BASKIN, Judge.
The order of the trial court withheld adjudication of delinquency and placed appellant *1079 under the supervision of a community control program for theft of property from The Treasury department store. We hold the evidence failed to negate any reasonable hypothesis of innocence and reverse.
Testimony at the adjudicatory hearing disclosed that P.R., a juvenile, was observed by the store's security officer when she and three other young women selected a quantity of merchandise without regard to size or price, placed the items in a shopping cart, and took them to a cash register to check out. The cashier then checked through more merchandise than she rang up. The register tape reflected that payment of $40.00 had been tendered, and change of $14.10 had been returned. The tape total was $25.86 for merchandise valued in excess of $200.00.
The evidence did not disclose that appellant was aware that not all the items were rung up on the register or that payment covered only a portion of the merchandise. No evidence connected appellant with any scheme or plan, or controverted her testimony that although she accompanied and assisted one of the young women, she did not notice the cashier's actions or the amount paid.
Appellant's criminal intent was sought to be proved by circumstantial evidence. "Circumstantial evidence is proof of certain facts and circumstances from which the trier of fact may infer that the ultimate facts in dispute existed or did not exist... ." Davis v. State, 90 So.2d 629, 631 (Fla. 1956). Circumstantial evidence must be consistent with guilt and inconsistent with any reasonable hypothesis of innocence. Thomas v. State, 374 So.2d 508 (Fla. 1979); Davis v. State, supra; Redding v. State, 357 So.2d 483 (Fla. 3d DCA 1978). That standard was not met. We therefore reverse the trial court's decision and discharge defendant.