394 So.2d 520 (1981)
D.M., a Juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-1194.
District Court of Appeal of Florida, Third District.
February 24, 1981.
Bennett H. Brummer, Public Defender and Peter Raben, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Anthoy C. Musto, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and NESBITT, J., and MELVIN, WOODROW M. (Ret.), Associate Judge.
HUBBART, Chief Judge.
The adjudication of delinquency for the offense of theft [§ 812.014(1), Fla. Stat. *521 (1979)], which is under review by this appeal, is reversed and the cause is remanded to the trial court with directions to discharge the juvenile from the cause. Our review of the record convinces us that the state's evidence linking the juvenile to the theft offense herein, which was entirely circumstantial in nature, fails to exclude, as required by law, every reasonable hypothesis of innocence. The trial court was, accordingly, in error in denying the juvenile's motion for judgment of acquittal made below at the close of all the evidence in the cause. See e.g. Davis v. State, 90 So.2d 629 (Fla. 1956); Mayo v. State, 71 So.2d 899 (Fla. 1954).
A detailed recitation of the facts of this cause is, in our view, entirely unnecessary as it would unduly burden the already well-settled and more than adequate case law on this subject. Suffice it to say, however, that the juvenile's mere presence at the scene of the theft herein and his flight therefrom with his companion was insufficient evidence in law to link him to the theft offense for which he was adjudicated delinquent. A reversal of this adjudication is, accordingly, mandated under our law. See e.g. Horton v. State, 91 So.2d 304 (Fla. 1956); J.O. v. State, 384 So.2d 966 (Fla. 3d DCA 1980); J.H. v. State, 370 So.2d 1219 (Fla. 3d DCA 1979), cert. denied, 379 So.2d 209 (Fla. 1980).
This reversal should not be interpreted, however, as condoning the juvenile's behavior in this cause as it was, to say the very least, highly suspicious. We only hold that this behavior, without more, was insufficient to adjudicate him delinquent of the theft offense herein. Our law, for reasons deeply rooted in our passionate and perhaps, at times, exaggerated devotion to human freedom, has always set high standards of proof for the state to meet before we condemn a person for violating our criminal laws and subject him to potential incarceration. We do no more than follow that decisional law in this cause believing, as we do, that no person  whatever one may think of him personally  should be stigmatized by a criminal conviction or delinquency adjudication based, as here, upon less than proof beyond a reasonable doubt. See e.g. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).
Reversed and remanded with directions to discharge the juvenile from the cause.