DANIEL S. PEARSON, Judge.
Deborah Beale’s house was burglarized on the night of August 6,1982. Beale testified that entry had been made by removing the jalousie windows of the Florida room and that a television set, silver necklaces, some meat and two dollars in cash had been taken. When Beale discovered the August 6 burglary, she suspected that the appellant may have been the culprit because, at one time before August 6, she had seen him in possession of a gold necklace which had *1156 been stolen from her house on an earlier occasion.[1]
In September 1982, the appellant was arrested on an unrelated charge. After validly waiving his Miranda rights, the appellant, having been asked whether he had been involved in any other criminal activity in Dade County, acknowledged that he had committed several burglaries. E.M. later identified Deborah Beale’s house as one of the houses he had burglarized and told the interrogating officer that he had entered Beale’s home through a jalousie window. The officer was unable to say whether the jalousie window about which the appellant spoke was one in the rear, front or side of the Beale home. Notwithstanding that the Beale home had been burglarized at least one time prior to August 6 and that the appellant’s confession of having burglarized the Beale home did not in any way refer to the date of the burglary, the appellant was charged with the August 6 burglary and the related theft and brought to trial on those charges.
The evidence against the appellant consisted solely of the foregoing facts. Predictably, at the conclusion of the case, the appellant moved for a judgment of acquittal contending that the evidence failed to exclude all reasonable hypotheses of his innocence of the August 6 burglary. The trial court denied the motion, found the appellant guilty as charged, and adjudicated him to be delinquent. This appeal ensued. We reverse.
The only proof adduced by the State which even arguably connected E.M. with the burglary in question is E.M.’s confession to the officer that he had at some unstated time burglarized the Beale home. Although such proof is certainly consistent with the State’s theory that the appellant committed the August 6 burglary, it is equally — indeed, perhaps more — consistent with the reasonable hypothesis, completely supported by Beale’s testimony that before August 6 she had seen the appellant in possession of a gold necklace that had been stolen from her home previously, that E.M.’s confession related to this earlier burglary, and that he had burglarized the Bea-le home sometime prior to the August 6 burglary. There is not the slightest detail in E.M.’s confession which is inconsistent with this hypothesis of innocence — he was not asked about nor did he state the date of the burglary of Beale’s home, the items stolen during the burglary, or even the exact point of entry. This being the state of the record before us, the evidence against E.M., including his “confession,” is entirely circumstantial and does not, as it must, McArthur v. State, 351 So.2d 972 (Fla.1977); Davis v. State, 90 So.2d 629 (Fla.1956), exclude the utterly reasonable hypothesis that E.M. committed a burglary of Beale’s home prior to August 6, a crime other than that for which he was on trial. Where, as here, there is nothing more than circumstances which, at most, raise a suspicion that the accused committed the crime, we are not at liberty to uphold a finding of his guilt. See Horton v. State, 91 So.2d 304 (Fla.1956); Smoak v. State, 87 So.2d 513 (Fla.1956); J.L.J. v. State, 367 So.2d 699 (Fla. 2d DCA 1979).
Accordingly, the adjudication of delinquency is reversed with directions to discharge the appellant.
Reversed with directions.

. Beale was equally suspicious of another man who had mowed Beale’s lawn and had been to her home at least three times before August 6. She suspected this man, because shortly after the August 6 burglary, she found a pack of Newport cigarettes on the ground directly un-demeath the point of entry, a place that was neither readily accessible to a mere passerby, nor one where lawn mowing would occur. Beale knew that this man smoked Newport cigarettes, and she had never seen E.M. smoke.