PER CURIAM.
C.S., a juvenile, appeals his convictions and commitment to the Department of Health and Rehabilitative Services for one count of armed burglary of a dwelling, four counts of burglary of a dwelling, and five counts of grand theft. Of the several arguments he raises on appeal, we conclude that only his argument regarding the sufficiency of the evidence as to some of the counts has merit. Accordingly, we reverse C.S.’s convictions on those counts and remand with directions that he be discharged. We otherwise affirm.
C.S. was charged with burglaries and grand thefts involving five separate dwellings. Apart from a camera that was stolen from one of the residences, none of the stolen property was recovered. The state’s case against C.S. was based almost entirely on four written confessions, one of which discussed two separate burglaries. At trial, the state introduced the confessions, along with testimony from the victims regarding where they lived, what was stolen from their residences, and the date of the burglaries.
At the conclusion of the state’s case, C.S. moved for a judgment of acquittal on all counts, arguing that there was no nexus be *146 tween the confessions and the burglaries; that the confessions did not relate to any particular residence; and that the state’s evidence was entirely circumstantial and did not rule out all reasonable hypotheses of innocence.
From our review of the record, we conclude that appellant’s confession was sufficiently specific to sustain the convictions on count one, armed burglary of a dwelling, and count two, grand theft. We also affirm the convictions on counts five and six which involved the burglary and grand theft in which the camera was taken.
In counts three and four, C.S. was convicted of a burglary and grand theft that occurred at 8500 Hollyhock Avenue in Seminole, Florida, on December 29, 1991. There was no mention of a house on Hollyhock Avenue in C.S.’s confession. There was no evidence linking C.S. to any of the stolen property. The state’s evidence at trial did not include a description of the house nor the point or method of entry. In sum, there was no evidence that in any way pointed to C.S. as the perpetrator of these offenses. Thus, the trial court erred in denying C.S.’s motion for judgment of acquittal on these counts, and we must reverse. See E.M. v. State, 441 So.2d 1155 (Fla. 3d DCA 1983).
Counts seven and eight involved a burglary and grand theft that occurred at 8115 Quail Road in Seminole, Florida, on January 27, 1992. A compact disc player, approximately ten compact discs, an ice chest, and a white canvas bag were taken. The only references to Quail Road in C.S.’s confession were “we ... went to the one on Quail and got the stuff ...” and “we went into the house on Quail and took mostly jewelry-” C.S.’s confession included no date, no point or method of entry, no description of the property taken other than jewelry (which did not match the state’s evidence concerning the property taken), no description of the house, and no specific address. In fact, there is no evidence to indicate that C.S. burglarized the house in question. We, therefore, reverse C.S.’s convictions on counts seven and eight. See Id.
Counts nine and ten involved a burglary and grand theft at a home owned by Ruby Mawby located at 8583 Jacaranda Avenue in Seminole, Florida, on January 27, 1992. A video cassette recorder, a Nintendo game and fifty dollars in assorted coins were taken. C.S.’s confession indicates that he opened the door of “Irving’s” home on Jacaranda and “put everything into bags.” There is no other mention of “Irving” in the record on appeal. There was no trial testimony regarding the point or method of entry into the Mawby home. C.S.’s confession does not include the date of the burglary at “Irving’s.” Again, there is insufficient evidence to sustain the convictions. See Id.
Accordingly, we affirm C.S.’s convictions on counts one, two, five, and six and reverse the convictions on counts three, four, seven, eight, nine, and ten with instructions that he be discharged on these counts.
Affirmed in part, reversed in part, and remanded with directions.
FRANK, C.J., and THREADGILL and LAZZARA, JJ., concur.