W. SHARP, J.
Williams appeals from his conviction and sentence for robbery.[1] He received a sentence of 38 months in prison, followed by 142 months probation. We affirm his conviction, but remand for resentencing.
First, Williams argues the trial court erred in failing to conduct a Nelson[2] hearing on his pro se motion to discharge his public defender. He asserts that the trial court treated the motion as a nullity because it was filed pro se while Williams was represented by a public defender, contrary to Lewis v. State, 766 So.2d 288 (Fla. 4th DCA 2000) and Graves v. State, 642 So.2d 142 (Fla. 4th DCA 1994). He also argues the trial court erred in not acting *933 on his demand for speedy trial under the Florida Rule of Criminal Procedure. 3.191, the Speedy Trial Rule, which he filed earlier in the proceedings before he was represented by counsel.
With regard to the demand for speedy trial, it appears from this record that the court below never addressed it within the required time.[3] Fla. R.Crim. P. 3.191(b). In such a case, the fifty day time deadline was running. Fla. R.Crim. P. 3.191(b)(4). However, neither Williams nor his attorney, filed notice of expiration of the speedy trial time, pursuant to Florida Rule of Criminal procedure 3.191(p)(2). In any event, it is also clear from this record that when Williams filed his demand for speedy trial, he was in no condition to claim he was ready for trial five days after filing the demand, as required by the rule. Almost five months after filing his demand, Williams personally conceded to the trial court at a pretrial hearing “the matter is not ready for trial, there is voluminous discovery.” See State ex rel. Ranalli v. Johnson, 277 So.2d 24 (Fla.1973); Turner v. State ex rel. Pellerin, 272 So.2d 129 (Fla.1973).
With regard to Williams’ motion to discharge his public defender, it also appears from the record that the trial court never addressed it nor acted upon it. Neither Williams nor his attorney ever requested or scheduled the motion for hearing. Nor did they ask the trial court to rule on it. In any event, it appears error, if it exists, was harmless. Williams only alleged two grounds in his motion to dismiss: 1) that the public defender failed to supply him with discovery material; and 2) that the lawyer made a statement aimed at encouraging a plea rather than a trial. Neither is facially sufficient to trigger a Nelson hearing. See Tucker v. State, 754 So.2d 89 (Fla. 2d DCA 2000); Pitts v. State, 181 So.2d 739 (Fla. 1st DCA 1966).
Second, Williams challenges his conviction on the ground there was insufficient evidence to link him to the crime. He made a motion for judgment of acquittal because his confession admitted in evidence was not specific enough to relate to the offense charged. A confession given to Deputy Delgado was the most damaging evidence against Williams. Williams told Delgado he took part in a robbery in Sumter County a few days prior to the interview, that he had been the driver in the robbery, and the money was split four ways. He identified three other perpetrators; Michael Williams, Johnny Williams and Barry Tucker. Williams did not specifically mention the location of the robbery; the Best Western Motel in Bushnell. In the confession, Williams mentioned June 8th as the date of the robbery. Another police officer testified there were no other robberies reported in Sumter County on June 8th, other than the one involved in this case.
At the trial, it was established a robbery took place on June 8th at the Best Western Motel on 1-75 and Highway 48 in Bushnell, Florida. There were three robbers (young black males) neatly dressed like college students. The victim of the robbery, the clerk in the motel, never saw the driver. No witness identified him and no physical evidence linked him to the offense. Williams made his confession after being arrested on an unrelated charge three days later, on June 11,1998.
The trial court determines the admissibility of a confession with regard to whether it was given voluntarily. However, it normally is up to the trier of fact to determine the credibility of the confession, as well as the credit to be given to the witnesses who testify regarding the confession. 24 Fla.Jur.2d § 483. See also Thorp v. State, 25 Fla. L. Weekly S1056, — So.2d -, 2000 WL 1707103 (Fla. Nov. 16, 2000). But a confession which is *934 consistent with facts other than the crime for which the defendant is accused is circumstantial evidence.[4] 7%orp. One that is too vague to link a defendant to a crime is insufficient, by itself, upon which to base a conviction. E.M. v. State, 441 So.2d 1155 (Fla. 3d DCA 1983).
In this case it is clear the state established that a crime took place on June 8th at the Best Western. The confession of Williams in this case is sufficiently non-specific as to cause it to fall into the circumstantial evidence category. It could have related to another robbery different from the one involved in this case.
Thus the evidence at trial, had to be inconsistent with any reasonable hypothesis of innocence. Williams did confess to being involved in a robbery in Sumter County on June 8th. Although the location was not mentioned, Williams did identify three other individuals who participated in the robbery, and that was an accurate description of the manner in which this robbery took place. Further, there was evidence no other robbery took place in Sumter County on that day. Thus, we conclude there was no view of the evidence in which the jury could have reasonably concluded Williams was involved in a robbery different from the one in this case.[5] Thus the trial court did not err in failing to direct a verdict in his favor.
At sentencing, the trial court imposed a sentence of 38 months followed by 142 months on probation, a 15 year maximum sentence for this robbery offense, and a departure sentence under the guidelines. The state requested this sentence because Williams had been previously convicted and sentenced in another county. But that conviction was not scoreable because it occurred after the offense in this case. The state conceded the earlier robbery could not be scored as a prior offense, but urged it be used as an aggravating factor. Without giving written reasons or otherwise complying with Florida Rule of Criminal procedure 3.720(d), the court imposed its departure sentence.
Accordingly, we affirm the conviction, but vacate the sentence and remand for re-sentencing pursuant to the guidelines.
Conviction AFFIRMED; Sentence VACATED and REMANDED for Resentenc-ing.
PETERSON and PALMER, JJ., concur.

. § 812.12, Fla. Stat. (1997).

. Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).

. The rule requires the court to hold a calendar call within five days of the filing of the demand and set the case for trial at least five days, and not more than forty-five days after the calendar call. Neither of these time limits were complied with by the court.

. E.M. V. State, 441 So.2d 1155 (Fla. 3d DCA 1983). When circumstantial evidence is relied upon to convict, the evidence must not only be consistent with the defendant’s guilt, but also inconsistent with any reasonable hypothesis of his innocence. See, e.g., Drake v. State, 476 So.2d 210 (Fla. 2d DCA 1985).

. Taylor v. State, 583 So.2d 323, 328 (Fla.1991).